**LIN WEI, a.k.a. Wei Lin, Petitioner,**

**v.**

**Eric H. HOLDER, Jr., United States**

Attorney General,[1] Respondent.

No. 08–5988–ag.

United States Court of Appeals,
Second Circuit.

Dec. 30, 2009.

Oleh R. Tustaniwsky, Hualian Law Offices, New York, NY, for Petitioner.

Tony West, Assistant Attorney General; Jennifer L. Lightbody, Senior Litigation Counsel; Edward E. Wiggers, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: WALKER, ROBERT A. KATZMANN and DEBRA ANN LIVINGSTON, Circuit Judges.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

## SUMMARY ORDER

Lin Wei, a native and citizen of the People's Republic of China, seeks review of a November 12, 2008 order of the BIA affirming the January 8, 2007 decision of Immigration Judge ("IJ") Steven R. Abrams, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lin Wei a.k.a. Wei Lin,* No. A099 535 491 (B.I.A. Nov. 12, 2008), *aff'g* No. A099 535 491 (Immig. Ct. N.Y. City Jan. 8, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we consider both the IJ's and the BIA's opinions "for the sake of completeness." *See Zaman v. Mukasey,* 514 F.3d 233, 237 (2d Cir.2008). The applicable standards of review are well-established. *See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008); *Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007).

▉ Because Wei failed to exhaust before the agency his argument that the agency erred by not considering his eligibility for asylum and withholding of removal as a member of the social group of victims of domestic abuse, we do not address it. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 120–22 (2d Cir.2007). Wei does not challenge the agency's dispositive finding that the discrimination he allegedly suffered did not rise to the level of persecution, and that even if it did, it was not on account of a protected ground. Accordingly he has waived any such challenge. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005). In addition, Wei did not challenge the denial of his request for CAT relief either before the BIA or this Court, abandoning that claim. *See Gui Yin Liu v. INS,* 508 F.3d 716, 723 n. 6 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).